**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

ROBERT J. ARNOLD,
ISAAC QUINTON SMITH,

        Plaintiffs,

v.

ST. CLAIR COUNTY INTERVENTION
CENTER, et al.,

        Defendants.

_____/

Case No. 20-11410
Hon. Thomas L. Ludington
Hon. R. Steven Whalen

**OPINION AND ORDER DISMISSING COMPLAINT AND DENYING LEAVE TO**
**APPEAL IN FORMA PAUPERIS**

This is a civil rights action brought by *pro se* plaintiffs Robert J. Arnold and Isaac Quinton

Smith pursuant to 42 U.S.C. § 1983. At the time of filing, Plaintiffs were confined in the St. Clair

County Intervention Center in Port Huron, Michigan. Both plaintiffs were granted *in forma*

*pauperis* status. ECF Nos. 7, 12. Plaintiffs name as Defendants the Intervention Center and three

employees, Sgts. Harrington, Branch, and Hill. They allege that Defendants failed to protect them

from exposure to the COVID-19 virus by not providing masks to inmates, not permitting inmates

to wear masks provided by others, preventing social distancing between people held in the Center,

and by employees not wearing masks. Plaintiffs seek damages for emotional and mental stress and

violation of their equal protection rights.

For the reasons stated below, the Complaint will be dismissed.

**I.**

The United States is facing an unprecedented challenge with the coronavirus pandemic.

The Governor of Michigan explained that

> [t]he novel coronavirus (COVID-19) is a respiratory disease that can result in serious illness or death. It is caused by a new strain of coronavirus not previously identified in humans and easily spread from person to person. Older adults and those with chronic health conditions are at particular risk, and there is an increased risk of rapid spread of COVID-19 among persons in close proximity to one another. There is currently no approved vaccine or antiviral treatment for this disease.

Emergency Order 2020-21.

The Centers for Disease Control and Prevention ("CDC") represents that jails and prisons pose an especially high risk for those who are within their walls. *See* Interim Guidance on Mgmt. of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities, Ctr. for Disease Control (updated July 14, 2020), available at https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html (last visited August 8, 2020). It further explains that "[m]any opportunities exist for SARS-CoV-2 [COVID-19] to be introduced into a correctional or detention facility, including daily staff movements; transfer of incarcerated/detained persons between facilities and systems, to court appearances, and to outside medical visits; and visits from family, legal representatives, and other community members." CDC, Guidance for Correctional & Detention Facilities. *Id*.

**II.**

Plaintiffs allege emotional stress, pain and suffering, equal rights violations, and related claims, and request damages as relief. Both plaintiffs have provided numerous examples of the Intervention Center and its employees' failure to take precautions to protect inmates from COVID-19. Plaintiff Smith, a pretrial detainee at the time of filing, asserts that he has a number of health conditions which put him at greater risk for the disease, including chronic obstructive pulmonary

disease (COPD). Smith further alleges that he contracted COVID-19 while held in the Intervention

Center but was not seen by a doctor for it. ECF No. 1 at PageID.27.

Other assertions made by Plaintiffs are that they sent several "kites" (messages to staff)

and spoke to corrections officers and nurses directly about their concerns regarding COVID-19.

They were repeatedly told by various employees that the facility followed Centers for Disease

Control guidelines. In supplemental filings, Plaintiffs continue to complain that CDC guidelines

are not being followed, that they have not been provided masks and are not permitted to purchase

their own, and that employees – both corrections officers and nurses – continue not to wear masks.

ECF No. 3 at PageID.42–43. As recently as June 26, 2020, Plaintiff Smith asserts that during

transport to court with another inmate, they were not provided masks nor were most corrections

officers wearing them. *Id*. ECF No. 5 at PageID.55.

### III.

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to dismiss *sua

sponte* an *in forma pauperis* complaint before service if it determines that the action is frivolous,

malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from

defendant immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

The dismissal standard under the PLRA is equivalent to that of Federal Rule of Civil Procedure

12(b)(6), as clarified by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v.

Twombly*, 550 U.S. 544 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). When

evaluating a complaint under that standard, courts "construe the complaint in the light most

favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether

the complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face.'" *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (quoting *Iqbal*, 556 U.S.

at 678).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain

statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the

relief sought." Fed. R. Civ. P. 8(a)(2), (3). "[D]etailed allegations" are not necessary, but under

Rule 8(a) the pleading must 'give the defendant fair notice of what the . . . claim is and the grounds

upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47

(1957)). Courts need not "accept as true a legal conclusion couched as a factual allegation[,]" and

any "naked assertion[s]" require "further factual enhancement" to comply with Rule 8(a). *Id*. at

555, 557. "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard . . . asks for more than a sheer

possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 570).

A *pro se* civil rights complaint is to be construed liberally. *Boag v. MacDougall*, 454 U.S.

364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). And such a

complaint "'however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v.

Gamble*, 429 U.S. 97, 106 (1976)).

To state a civil rights claim under 42 U.S.C. § 1983, "a plaintiff must set forth facts that,

when construed favorably, establish (1) the deprivation of a right secured by the Constitution or

laws of the United States (2) caused by a person acting under the color of state law." *Dominguez

v. Corr. Med. Servs*., 555 F.3d 543, 549 (6th Cir. 2009) (citation omitted). A plaintiff must allege

"more than just mere negligence." *Fisher v. City of Memphis*, 234 F.3d 312, 317 (6th Cir. 2000)

(citing *Collins v. City of Harker Heights*, 503 U.S. 115 (1992)) (other citation omitted). In addition, the plaintiff must allege that "the defendants were personally involved in the alleged deprivation of federal rights." *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (citing *Hall v. United States*, 704 F.2d 246, 251 (6th Cir.1983)).

## IV.

## A.

Plaintiffs' first named defendant is "St. Clair County Intervention Center," further described as "County Jail Sheriff's Office," in its official capacity. The Intervention Center will be dismissed as neither it nor the Sheriff's office is a proper defendant.

Section 1983 imposes liability on any "person" who violates an individual's federal constitutional or statutory rights. It is well-settled under Michigan law that county jails and sheriff's departments are not legal entities amenable to suit under 42 U.S.C. § 1983. *Vine v. Cty. of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995) (citations omitted); *see also Petty v. County of Franklin, Ohio, et al.*, 478 F.3d 341, 347 (6th Cir. 2007), *abrogation on other grounds recognized by Bailey v. City of Ann Arbor*, 860 F.3d 382, 389 (6th Cir. 2017) (county sheriff's department is not a "person" subject to liability under § 1983); *Cage v. Kent County Corr. Facility*, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (defendant jail "was not an entity subject to suit under § 1983."); *Taghon v. Bailey*, 2020 WL 2315748, at *3 (W.D. Mich. May 11, 2020) (county is the proper party to sue, because sheriff is simply an agent of the county); *Edwards v. Macomb Cty. Jail*, 2016 WL 2937146, at *2 (E.D. Mich. May 20, 2016) (Roberts, J.).

## B.

The "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." *Terrance*

*v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002) (citing *Estelle*, 429 U.S. at 104). The Fourteenth Amendment extends Eighth Amendment protections to pretrial detainees, such as Plaintiff Smith. *Richko v. Wayne Cty., Mich.*, 819 F.3d 907, 915 (6th Cir. 2016) (citing *Thompson v. Cty. of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994)).

A constitutional claim for the deprivation of adequate medical care "has two components, one objective and one subjective." *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (quoting *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)). The objective component requires a plaintiff to show the existence of a "sufficiently serious" medical need. *Dominguez*, 555 F.3d at 550 (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). To establish the subjective component a plaintiff must "'allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk.'" *Dominguez*, 555 F.3d at 550 (quoting *Comstock*, 273 F.3d at 703).

The Sixth Circuit recently held that in the context of the COVID-19 pandemic, "the objective prong is easily satisfied[,]" because the "COVID-19 virus creates a substantial risk of serious harm leading to pneumonia, respiratory failure, or death." *Wilson v. Williams*, 961 F.3d 829, 840 (6th Cir. 2020). However, the subjective component was not met, as the Federal Bureau of Prisons (BOP) "responded reasonably to the known, serious risks posed by COVID-19 to petitioners. *Id*. There was "no question" that the BOP was aware of the potential risks of serious harm to its inmates due to the COVID-19 virus; in response, it "implemented a six-phase plan to mitigate the risk of COVID-19" spread. *Id*.

As the risks presented by COVID-19 are the same here as in *Wilson*, the objective component is easily met. Regarding the subjective prong, Plaintiffs' allegations that employees

-6-

repeatedly referred to CDC guidelines, *see*, *e.g.*, ECF No. 1 at PageID.18, demonstrate their awareness of the seriousness of that risk. Further, the Complaint and Plaintiffs' other pleadings amply allege widespread practices in the jail disregarding that guidance, which unlike the BOP, fail to mitigate the risk of COVID-19 spreading through the facility. These practices include numerous instances of denying masks to inmates and detainees, the failure of employees to wear masks, and housing practices that prevent or impede necessary social distancing.

However, even construed liberally, Plaintiffs' claims against Sgts. Harrington, Branch, and Hill, the remaining defendants, do not establish they took actions disregarding the risk of COVID-19. Plaintiffs allege Sgt. Branch entered one of the "pods" wearing a mask but refused to answer any questions. ECF No. 1 at PageID.18. Otherwise, "Sergeants" are only mentioned in generic terms. For instance, "acting sergeants" told Plaintiffs the facility was following CDC guidelines, *id*.; "sergeants" told deputies wearing masks were optional, *id*. at 14; and 1st and 2nd shift sergeants were informed officers were not wearing masks and inmates were being denied masks. *Id*. at PageID.10.

These allegations do not establish Defendants Branch, Hill, and Harrington's personal involvement in the alleged deprivation of Plaintiffs' civil rights. *Frazier*, 41 F. App'x at 764. Nor do they provide adequate notice to these individual defendants under *Twombly* and *Iqbal*. Defendants Branch, Harrington, and Hill will be dismissed.

**D.**

Plaintiffs also allege their equal protection rights were violated, because Intervention Center workers were provided masks, but inmates were not. ECF No. 1 at PageID.9. Prisoners are not members of a protected class for equal protection purposes. *See Jackson v. Jamrog*, 411 F.3d 615, 619 (6th Cir. 2005); *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998). Further, an equal

protection claim requires comparison to "similarly situated" individuals "in all relevant respects." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992); *United States v. Green*, 654 F.3d 637, 651 (6th Cir. 2011). Employees of a correctional facility and the inmates and detainees of the same facility are not "similarly situated." Plaintiffs have failed to state a claim for violation of their equal protection rights.

**E.**

The Prisoner Litigation Reform Act "provides that a prisoner may not bring a civil action for mental or emotional injury unless he has also suffered a physical injury." *King v. Zamiara*, 788 F.3d 207, 213 (6th Cir. 2015) (citing 42 U.S.C. § 1997e(e)) (emphasis omitted); *see also Minneci v. Pollard*, 565 U.S. 118, 129 (2012). While the physical injury "need not be significant, it must be more than *de minimis* for an Eighth Amendment claim to go forward." *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010) (citing *Adams v. Rockafellow*, 66 Fed. App'x 584, 586 (6th Cir. 2003)). Unlike Plaintiff Smith, who asserts that he was infected with COVID-19, Plaintiff Arnold has alleged no physical injury and will be dismissed from the Complaint with prejudice.

**V.**

For the reasons stated above, it is **ORDERED** that the Complaint, ECF No. 1, is summarily **DISMISSED WITH PREJUDICE** as to Plaintiff Arnold.

It is further **ORDERED** that the dismissal is **WITHOUT PREJUDICE** as to Plaintiff Smith.

It is further **ORDERED** that an appeal from this decision would be frivolous and could not

be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445

(1962). For the same reason, leave to appeal *in forma pauperis* is **DENIED**.


Dated: August 13, 2020                                    s/Thomas L. Ludington
                                                          THOMAS L. LUDINGTON
                                                          United States District Judge


<div style="border:1px solid #000; padding:10px;">

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon **Robert J. Arnold** #582434, G. ROBERT COTTON CORRECTIONAL FACILITY, 3500 N. ELM ROAD, JACKSON, MI 49201 and **Isaac Quinton Smith,** 1170 Michigan Road, Port Huron, MI 48060 by first class U.S. mail on August 13, 2020.

                                        s/Kelly Winslow
                                        KELLY WINSLOW, Case Manager

</div>